Ms. Stacey Witherell Employee Services Manager Little Rock Human Resources Department 500 West Markham, Suite 130W Little Rock, AR 72201-1428
Dear Ms. Witherell:
As the Custodian of Records for the city's Human Resources Department, you have asked for my opinion pursuant to A.C.A. § 25-19-105(c)(3)(B), a section of the Arkansas Freedom of Information Act ("FOIA") (A.C.A. §25-19-101 through -109) (Repl. 1994 Supp. 2003 Acts 2005, No. 295) pertaining to the release of personnel and employee evaluation records. According to the correspondence you have submitted, the FOIA requester in this instance seeks the following information regarding fifty named employees for the period from January, 2000, to the present:
• Race and sex
• Hired dates
• Fired dates
• Date resigned
• Salaries beginning and ending
• Job Title
You state that you believe this information is releasable. You state that "this data is contained in the personnel file of each employee or may be pulled from available payroll reports."
RESPONSE
In addressing this matter, I must initially note that the FOIA applies to "records" and not to "information." You are not required to compile information; and indeed the FOIA is explicit in providing that "[a]custodian is not required to compile information or create a record in response to a request. . . . A.C.A. § 25-19-105(d)(2)(C) (Supp. 2003). If there are records in existence that contain requested information and no exemptions apply so as to prevent the records' release, you are required to provide those records. The FOIA does not, however, establish any requirements in connection with the release of "information."
Turning to the particular request in this instance, I assume that there is no record containing the requested information in the aggregate; and that notwithstanding the fact that it is not mandated, you intend to compile the information for the requester. (I assume this from your statement that "this data is contained in the personnel file of each employee or may be pulled from available payroll reports.") As noted, you have determined that the information is releasable.
It is my opinion that this decision is consistent with the FOIA. This office has previously opined that an employee's race, gender, date of hire and job title are disclosable under the FOIA. See, e.g., Op. Att'y Gen. Nos. 99-305 and 91-351. Records containing this information generally constitute "personnel records" that are open to public inspection and copying.[1] This also applies with respect to the salaries of public employees (see, e.g., Op. Att'y Gen. 94-198), and a termination or resignation date, assuming that this is the only information provided (see Op. Att'y Gen. Nos. 2002-150 and 2001-185).[2]
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Personnel records are exempt from disclosure under the FOIA "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2003).
[2] Disclosing the change in status of an employee, e.g., the fact of termination or resignation, must be distinguished from disclosing the reason for the change in status or other details in this regard under circumstances where the test for the release of "employee evaluation" or "job performance" records has not been met. See A.C.A. § 25-19-105(c)(1) (Supp. 2003); Op. Att'y Gen. Nos. 2003-150 and 2001-185; and Op. Att'y Gen. Nos. 2001-276 (discussing the test applicable to such records).